IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.:_____

| | | |
|---|---|---|
| DENISE A. ISENHOUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| | ) | |
| BLYTHE CONSTRUCTION, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**NOW COMES** Plaintiff, complaining of Defendant and alleges as follows:

### JURISDICTION AND VENUE

1. This action is brought to remedy employment discrimination on the basis of sex, against Plaintiff. Plaintiff's Complaint is brought under Title VII of the Civil Rights Act of 1964 and under the Civil Rights Act of 1991, as now set forth in 42 U.S.C. § 2000e, *et. seq.* and 42 U.S.C. § 1981A(b). ("Title VII"), and for wrongful discharge under North Carolina law.

2. Plaintiff seeks monetary relief, compensatory damages, and punitive damages pursuant to Title VII and North Carolina law.

3. On August 26, 2020, the EEOC issued Plaintiff by mail, Notice of Right to Sue, Charge Number 430-2020-00747. (Attached as Exhibit 1)

4. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") designated as EEOC Charge Number 430-2020-00747. (Attached as Exhibit 2)

5. Plaintiff has exhausted her administrative remedies.

1

6. Plaintiff is a citizen and resident of Lincoln County, North Carolina.

7. At all times relevant to this Complaint, Plaintiff worked for Defendant.

8. The unlawful employment practices complained of herein occurred within Mecklenburg County, North Carolina.

9. Defendant Employer is a U.S. Corporation registered or licensed with the North Carolina Secretary of State and doing business in the State of North Carolina as "Blythe Construction".

10. At all times relevant to this Complaint, Defendant employed 500 or more employees for each working day in each of the 20 or more calendar weeks in the current or preceding calendar year.

11. Defendant is engaged in an industry affecting commerce and is an employer within the meaning of Title VII and North Carolina law.

12. At all times relevant to this Complaint, the following persons were employed by Defendant and acted within the course and scope of their employment and as agents of Defendant for all of the acts alleged herein:

    A. Robby Keziah, (hereinafter "Keziah"), Charlotte Area Plant Manager and direct supervisor to Plaintiff.

    B. Tim Mitchell, (hereinafter "Mitchell"), Supervisor and superior to Plaintiff.

    C. Shane Clark, (hereinafter "Clark"), Asphalt Division Manager and superior to Plaintiff.

## STATEMENT OF FACTS

13. Plaintiff is a female resident of Lincoln County, North Carolina.

14. Plaintiff graduated from Central Davidson High School, Davidson County, North Carolina, in 1989.

15. Plaintiff was hired by Lane Construction on or about June 26, 1997 as a Plant Operator and in April 2001, promoted to Plant Foreman.

16. On or about October 2018, the Asphalt Plants of Lane Construction were acquired by Defendant.

17. On or about October 2018, Defendant acquired Lane Construction Asphalt Plant and Plaintiff began reporting to new management.

18. On or about October 2018, Plaintiff began experiencing adverse terms and conditions based on Plaintiff's sex which had not existed in Plaintiff's 21 year career as Plant Operator and then Plant Foreman.

19. At the time of Plaintiff's discharge on October 14, 2019, Plaintiff was a Plant Foreman since 2001.

20. Other similarly situated male employees were not treated the same nor held to the same standards.

21. Plaintiff's performance was good and she always received good performance evaluations in excess of twenty-one (21) years.

22. During her employment as a Plant Foreman, Plaintiff received numerous raises due to her good performance evaluations and received a raise from Defendant in January 2019.

23. On October 12, 2019, Plaintiff received a text message from Keziah requesting Plaintiff to report to the Defendant's Charlotte office at 7:30 am on October 14, 2019.

24. During said meeting, Plaintiff met with Keziah, Mitchell and Clark.

3

25. Clark stated to Plaintiff that they no longer needed her services, and they were going to let her go.

26. Clark stated the Plaintiff's employment termination was due to poor job performance.

27. During the meeting, Keziah and Mitchell remained silent and would not look at Plaintiff.

28. The Defendant's stated reason for the Plaintiff's termination, that the Plaintiff allegedly had poor performance, is a ploy used by the Defendant to terminate the Plaintiff's employment because of Plaintiff's sex (female).

29. Other similarly situated employees of Defendant who were not members of Plaintiff's protected classification have committed the same or similar or more serious alleged poor performance and have been treated more favorably than the Plaintiff.

30. The Defendant has a progress disciplinary policy which was not adhered to with regard to Plaintiff's employment termination and was not cited by the Defendant when terminating Plaintiff's employment.

31. The Plaintiff's employment replacement was Brian Johnson, a male employee of Defendant.

32. Plaintiff's previous job duties and functions are now performed by a male employee of the Defendant.

33. As a result of being terminated from a job that Plaintiff held for over twenty-one (21) years, Plaintiff has lost her income, benefits, and other losses as determined by the Court.

34. Plaintiff was discriminated against, released and terminated because of her sex (female), in violation of Title VII and North Carolina law.

35. Plaintiff was given no further options other than her release and termination.

36. Defendant's stated reason for the release and termination was allegedly performance based but for the reasons set forth herein, Plaintiff is able to show pre-text and that she was subjected to sex employment discrimination.

37. Other similarly situated male employees were treated more favorably than Plaintiff as set forth herein.

38. Plaintiff was treated differently than her male counterparts because of her sex (female).

## **TITLE VII SEX-BASED DISCRIMINATION**

39. Plaintiff incorporates by reference the allegations of paragraphs 1 through 38 in support of this claim for relief.

40. Defendant discriminated against Plaintiff by treating her differently from her male coworkers, because of her sex, female.

41. Plaintiff's sex was a determining factor and/or motivating factor in Defendant's actions.

42. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

43. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on sex.

## WRONGFUL DISCHARGE

44. Plaintiff incorporates by reference the allegations of paragraphs 1 through 43 in support of this claim for relief.

45. The termination of Plaintiff from her position was in violation of the public policy of the State of North Carolina, specifically, the North Carolina Equal Employment Practices Act, N.C.G.S. § 143-422.1, *et. seq.,* which makes discrimination on account of sex an unlawful employment practice in North Carolina.

46. Plaintiff is entitled to reinstatement to her job, back pay, interest on her back pay, front pay, and employment benefits, including but not limited to vacation pay, sick pay, health insurance benefits, life insurance benefits, and damages for emotional distress.

47. Defendant's conduct as described herein was willful, malicious, oppressive, wanton, and recklessly in disregard of Plaintiff's rights, so as to entitle Plaintiff to punitive damages under North Carolina law in an amount greater than $10,000.00.

48. Defendant's managers were aware of, condoned, and participated in the illegal discharge of Plaintiff so as to make Defendant liable for punitive damages.

## PRAYER FOR RELIEF

**WHEEFORE,** Plaintiff demands a trial by jury of all issues so triable and respectfully prays for judgment against Defendant as follows:

1. A declaration that the practices and acts complained of herein are in violation of Title VII and North Carolina law.

2. An Order enjoining Defendant from engaging in discrimination on the basis of her sex. a

3. For a money judgment against Defendant for violation of the Title VII and North Carolina law in an amount greater than $10,000.00.

4. For liquidated damages judgment against Defendant for willful violation of Title VII and North Carolina law in an amount exceeding $10,000.00.

5. For a money judgment against Defendant for the violation of Title VII and North Carolina law representing all lost benefits of employment and compensatory damages, including but not limited to loss of wages, loss of benefits, loss of status, loss of reputation, emotional distress and inconvenience, for an amount in excess of $10,000.00, which amount shall be determined specifically at the trial of this action.

6. For a money judgment against Defendant representing punitive damages under the Title VII and North Carolina law for an amount exceeding $10,000.00, which amount shall be determined specifically at a trial of this action.

7. For a money judgment against Defendant for wrongful discharge in violation of the North Carolina Equal Employment Practices Act, N.C.G.S. § 143-422.1, *et. seq.*, representing all lost benefits of employment and compensatory damages, including but not limited to lost wages, lost employment benefits, loss of status, loss of reputation, and inconvenience, for an amount in excess of $10,000.00, which amount shall be determined specifically at a trial of this action.

8. That the Plaintiff recover the full costs of this action.

9. That the Plaintiff recovers pre-judgment interest on her back pay claims.

10. That the Plaintiff recovers damages for mental anguish and pain and suffering caused by the Defendant.

11. That the Plaintiff recovers her attorneys' fees.

12. That the Defendant be ordered to implement procedures and policies to prevent illegal discriminatory activities and that the Defendant be enjoined from committing further violations of Title VII and North Carolina law; and

13. For such further and other relief as the Court may deem just and proper.

This the 25th day of November, 2020.

s/ Todd J. Combs
Todd J. Combs
NC Bar No. 23381
Attorney for Plaintiff
Combs Law, PLLC
1865 Mecklenburg Hwy
Mooresville, NC 28115
Telephone: 704-799-2662
Todd@combslaw.org

NORTH CAROLINA

Iredell COUNTY

Denise A. Isenhour, BEING FIRST DULY SWORN, DEPOSES AND SAYS:

That she is the Plaintiff in the foregoing action; that she has read the foregoing Complaint and knows the contents thereof, that the matters and things stated therein are true to the best of her knowledge, save and except those matters and things stated upon information and belief, and as to those, she believes them to be true.

This the 25 day of November, 2020.

*/s/ Denise A. Isenhour*
Denise A. Isenhour    AFFIANT

SWORN TO AND SUBSCRIBED before me

this the 25 day of November, 2020.

*/s/ Jodi Zanolini* (SEAL)
Official Signature of Notary Public

Jodi Zanolini
Printed or Typed Name of Notary Public

My Commission Expires: February 23, 2024

JODI ZANOLINI
Notary Public, North Carolina
Mecklenburg County
My Commission Expires
2\23\ 2024