# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:20-CV-661-RJC-DCK

| | |
|---|---|
| **DENISE A. ISENHOUR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **PROTECTIVE ORDER** |
| ) | |
| **BLYTHE CONSTRUCTION, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Protective Order" (Document No. 12) filed July 12, 2021. The parties' "Joint Motion For Entry Of Protective Order" (Document No. 12) is **GRANTED** as follows.

**WHEREAS**, the discovery sought by Plaintiff Denise A. Isenhour ("Plaintiff") and Defendant Blythe Construction, Inc. ("Defendant") (collectively, the "Parties") in the above-styled case is likely to involve the production of documents, things, and witness testimony containing Confidential Information; and

**WHEREAS**, the Parties have, through counsel, stipulated to the entry of this Protective Order (the "Order"), which shall apply to this civil action only, to prevent unnecessary dissemination or disclosure of Confidential Information; and

**WHEREAS**, this Order governs the use of all produced documents, responses to interrogatories and request for admissions, deposition transcripts, and any other information, documents, objects, or things which have been or will be produced or received by any party during pretrial proceedings in this action pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, notes and summaries thereof.

**IT IS, THEREFORE, ORDERED** that the following terms and conditions, having been agreed to by the Parties, are approved by the Court, and binding on all parties to this action:

**I.     Confidential Information**

    A.     "Confidential Information" shall mean and include, without limitation:

        1.     information that constitutes confidential, proprietary, or financial business information, trade secrets, or information subject to a legally protected right of privacy or a confidentiality agreement with a third party, including, but not limited to, corporate financial statements or financial records; corporate policies; and customer information or contracts;

        2.     medical records and reports; psychological records and reports; photographs, x-rays or illustrations, or other personal health-related information regarding Plaintiff or any other individual about whom such information is discovered;

        3.     personal information about Plaintiff and Defendant's current or former employees, including, but not limited to, personnel records and other employment-related information; records related to time worked and pay; income tax records; documents related to employee benefits; and all other documents containing private employment-related information, health-related information, spouse and other dependent information;

        4.     all personally identifiable information, to include names, dates of birth, addresses, personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments;

        5.     Financial information (such as tax records, credit reports, loan applications, bank account information or documents showing profits, losses, payments or income); and

6. Strategic business records (such as market forecasts, analysis of competing products, planning for product launches and assessment of product performance).

B. Confidential Information shall NOT include, without limitation, any material that:

1. is, at the time of disclosure, lawfully in the public domain;

2. is already lawfully in the possession of the Party seeking discovery at the time of disclosure and not under any obligation of confidence; or

3. is obtained by a Party by lawful means unrelated to the discovery process and without any obligation of confidence.

## II. Designation of Confidential Information

A. <u>Good-Faith Determination Required</u>

1. The Parties shall have the right to designate as Confidential Information those portions of any document which, after making a good-faith assessment, meets the definition of Confidential Information as set forth herein. If any page contains Confidential Information, the entire page may be so marked.

2. No Party concedes that any document, tangible item and/or deposition testimony marked Confidential by another Party does, in fact, contain Confidential Information, and reserves the right to challenge said designation as set forth below in Section III.

B. <u>Procedures for Designating Pre-Production</u>

The Parties recognize that the scope of materials produced as "documents" during discovery may be very broad. "Documents" may include written documents, electronically stored documents, photographs, videotape and other forms of data.

1. Paper Documents and Non-native Electronic Files

To designate any information within a document as Confidential Information, the Party shall mark every page of the document in which Confidential Information appears with a legend substantially as follows: "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER."

  2. Non-paper Media

Where Confidential Information is produced in a non-paper media other than electronic files (e.g., video tape, audio tape), the confidentiality legend should be placed on the media, if possible, and its container, if any, so as to clearly give notice of the designation.

  3. Native Electronic Files

When producing native files that contain Confidential Information, subject to agreement by the parties at the time of production, the producing Party shall include the designation in both the native file's filename (if produced) and any metadata loadfile or in such other manner as the parties may agree. The filename of any record that is produced in native format should contain both the Bates number and the confidentiality designation, if any. For instance, an excel file produced as ABC001234 that is confidential should be named "ABC001234 CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER.xls". The metadata loadfile should have a field containing the record's confidentiality designation whenever a record has been designated as such. To the extent that any receiving Party prints any native file containing Confidential Information, such printouts shall be marked by the receiving Party as described in subsection (B)(1) above. No receiving Party shall disseminate electronically native files that have been designated as Confidential Information.

  C. <u>Procedures for Designating Documents Post-Production</u>

If any Party inadvertently fails to designate any material as Confidential Information pre-production, it may correct its error at any time utilizing the following procedures. Upon learning that Confidential Information was produced without the appropriate designation, the producing Party will immediately provide notice of the omission to the recipient and, at the producing Party's option, either provide substituted copies of the Confidential Information appropriately marked or instruct the recipient to mark the undesignated material with the appropriate legend. Upon receiving notice of an omitted designation, it will be the duty of the recipient Party to make all reasonable efforts to return all identified unmarked materials in the possession of that Party or in the possession of persons within that Party's control (e.g., retained consultants) to the designating Party within ten (10) business days of any written notice requesting their return, or to make all reasonable efforts to label the Confidential Information appropriately as requested by the designating Party. In addition, in the event that the recipient Party gave copies of previously undesignated documents containing Confidential Information to persons outside of the recipient Party's control, the recipient Party shall, within ten (10) business days of receipt of notice of the omitted designation, inform the producing Party of the fact that previously undesignated documents were provided to third parties outside the recipient Party's control, and provide the identity of such third parties.

D. <u>Procedures for Designating Deposition Materials.</u>

1. <u>Exhibits</u>

(a) Documents marked as containing Confidential Information may be used as Exhibits at the deposition of any individual authorized by the terms of this Protective Order to receive such Confidential Information.

(b) When documents that have been designated as Confidential are marked as exhibits to a deposition, the reporter shall separately bind such exhibits and mark the cover page of the separately-bound exhibits with the legend "CONFIDENTIAL."

2 <u>Testimony</u>

When testimony given during a deposition is designated as "Confidential" at the time the testimony is given, the reporter shall mark the face of the transcript with the legend, "PORTIONS OF THIS TRANSCRIPT ARE DESIGNATED AS CONFIDENTIAL." In addition to and regardless of designations made at the time of the deposition, the Parties shall have the opportunity to designate Confidential testimony, as follows:

(a) Unless otherwise agreed by the Parties, all transcripts of testimony from depositions of any Party, Party-affiliated witness or former employee of a Party taken in this action shall be deemed "Confidential" for thirty (30) days after receipt of a copy of said transcript by counsel of record for the Party with which the deponent was or is affiliated. Following the conclusion of any such deposition, the court reporter shall prepare a transcript for review by such counsel only. During the thirty (30) day period after receipt of the transcript described above, counsel shall (1) designate by page and line those portions of the transcript (if any) which counsel determines in good faith constitute Confidential Information, (2) advise counsel for the other Parties, in writing, of the designation, and (3) request that the court reporter prepare a final transcript reflecting the designations. Notwithstanding the foregoing, the provisions of this sub-paragraph of the Order shall not prevent counsel for any of the Parties from obtaining a copy of a deposition transcript immediately upon conclusion of the deposition provided that the entire transcript shall be treated as Confidential until the designation process described in this sub-paragraph is completed.

(b) Unless otherwise agreed by the Parties, all transcripts of testimony from depositions of any third-party witness taken in this action shall be deemed "Confidential" for thirty (30) days after receipt of a copy of said transcript by counsel. Following the conclusion of any deposition of any third party taken in this Litigation, the court reporter shall prepare a transcript for review by all Parties' counsel. During the thirty (30) day period after receipt of the transcript, counsel for the Parties shall (1) designate by page and line those portions of the transcript (if any) which a Party determines in good faith constitute Confidential Information, (2) advise counsel for the other Parties, in writing, of the designation, and (3) request that the court reporter prepare a final transcript reflecting the designations.

(c) If no designation by page and line as described in subsection (a) or (b) above is made within the thirty (30) day period, the deposition transcript shall be deemed not to contain Confidential Information, regardless of any general designation made at the time of the deposition, and the court reporter shall prepare a final transcript with no confidentiality legend.

(d) Counsel for each respective Party shall ensure that the portions of any transcript designated "Confidential" are redacted from such transcripts prior to such transcripts being provided to any person to whom disclosure of such material is not permitted under this Protective Order.

### III. Challenging the Designation of Confidential Information

A. Nothing in this Order constitutes a finding or admission that any of the documents or information designated under this Order are Confidential Information, and nothing in this Order shall prevent any Party from contending that any such information is not Confidential or that information not designated pursuant to this Order is, in fact, Confidential.

B. No Party shall challenge a Confidential designation unless that Party has a good faith need to disclose the information so designated by (1) filing the information with the Court; or (2) disclosing the information to a person who is not authorized to have access to such information under the terms of this Protective Order. To challenge a Confidential designation, the challenging Party shall notify the designating Party in writing that it objects to the designation, and its reasons for so objecting. Such an objection may be made at any time in the Litigation. A Party shall not be obligated to challenge the propriety of a Confidential designation at the time of production or receipt of a notice under Section II.D.2 of this Order, and failure to do so shall not preclude a subsequent challenge to any such designation.

Within five (5) business days of service of such an objection, the designating Party shall respond in writing either withdrawing the Confidential designation or stating its reasons for the designation.

C. If the designating Party refuses to withdraw the Confidential designation, the receiving Party may apply to the Court for an order resolving whether the designated material is properly designated Confidential under the terms of this Order. In any such proceeding, the Party who designated the material as Confidential shall have the burden of proving such designation is appropriate under the terms of this Order.

**IV.    Restrictions on the Use and Dissemination of Confidential Information**

A    Documents and information designated Confidential shall not be used for any purpose other than preparing for and conducting this action (including mediation). Confidential information shall not be disclosed in any manner except as provided in this Order, including, without limitation, disclosure to any member of the media or publication on any website.

B. Disclosure of information designated as Confidential, including synopses, summaries or digests thereof, shall be limited to:

1. The Parties, the Parties' in-house counsel involved in the conduct of this action, the Parties' counsel of record, stenographic, paralegal or clerical employees assisting such counsel, or vendors (such as court reporters, copy centers or e-discovery consultants) assisting such counsel.

2. This Court, including, but not limited to, all appropriate Court personnel such as court reporters, clerks and the like;

3. Any person whom counsel reasonably believes authored or is in possession of the information designated as Confidential. If upon inquiry it is determined that such person did not author or review the designated Confidential Information, then the disclosure shall immediately cease and no further disclosure to such person shall be made;

4. Any Mediator retained by all affected Parties, including such Mediator's staff, provided the disclosure is made in the course of mediation;

5. Consultants or experts or mock jurors supplied thereby, whether or not employees or officers of the Parties, retained by any party to consult or testify in the case; provided that, prior to disclosure, counsel shall deliver a copy of this order to the consultant to whom such disclosure is to be made and shall require said consultant to read a copy of this Order and to agree in writing to its terms by signing a Declaration of Compliance in the form of Exhibit A hereto. All executed Declarations of Compliance shall be maintained by counsel. In the event a Party believes, in good faith, that there has been a violation of this Protective Order, that Party shall notify the opposing Party in writing of such alleged violation and may demand a copy of the executed

Declaration of Compliance of all persons connected to the suspected violation, which copy shall be produced within seven (7) days of the demand.

      6.     Any other person who obtains access to the Confidential Information with the prior written consent of the Party who designated the information Confidential or upon a further order of the Court.

**V.**     **Procedures for Filing Documents Containing Confidential Information**

    A.     <u>Redaction</u>

If a party wishes to file with the Court any document or transcript designated Confidential, and the Party determines that the Confidential Information is not important to the Party's intended use of the document, that Party shall (1) redact the Confidential Information and (2) provide a redacted copy of the document/transcript to the producing party's/deponent's counsel. As soon as reasonably possible, but not later than three (3) business days after receipt of such redactions, the producing party's/deponent's counsel shall advise the redacting Party whether they object to the public filing of the redacted document. If the producing party's/deponent' s counsel do so object, then the document shall be filed under seal, pursuant to Section V.B, below.

    B.     <u>Filing Under Seal</u>

Local Rule 6.1 governs the procedures for filing documents under seal. Local Rule 6.1(c) provides that a party's request to file materials under seal must be made by formal motion, which must set forth (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; (3) unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and (4) supporting statutes, case law, or other authority.

**VI.     Subpoenas**

   A.   Any Party served with a subpoena or other request for the production of documents or information requesting the production of any Confidential Information that the subpoenaed or requested Party received from another Party shall give notice of such subpoena or production request to all Parties.  Such notice shall:  (1) be provided as promptly as possible, and no later than within three business days of the Party's receipt of the subpoena or production request, (2) include a copy of the subpoena or production request and all attachments thereto, and (3) identify the date on which the subpoenaed or requested Party intends to produce Confidential Information pursuant to the subpoena or production request.

   B.   If the Party whose Confidential Information is at issue challenges the subpoena or production request, the subpoenaed or requested Party shall not produce the Confidential Information unless and until (1) all challenges to the subpoena or production request are finally resolved or (2) otherwise ordered by any court.

**VII.    Inadvertent Production**

   A.   The inadvertent production of attorney-client privileged material, attorney work product material, or material subject to any other privilege ("Privileged Material") or of Confidential Information without a designation does not constitute a waiver of any privilege or of the right to claim confidential status.

   B.   "Inadvertent production" means production that was unintentional, accidental or resulted from mistake or inadvertence.  Counsel's declaration that a production was inadvertent shall be presumptive evidence that a production was inadvertent.

   C.   If a producing Party discovers it inadvertently produced Privileged Material in this Litigation, the producing Party shall promptly make a good-faith representation that such

production was inadvertent and request (whether in writing, via email or orally) that the receiving Party return or destroy the specific information.

D. Within three (3) business days of receiving such a request, the receiving Party must return or destroy the specified information and any copies it has, including electronic copies and shall further direct any other person who has received such materials to do the same. If the receiving Party elects to destroy rather than return the Privileged Material, the receiving Party must provide the producing Party with a declaration sworn under the penalty of perjury stating that the receiving Party has complied with the obligations set forth in this Order.

E. Any Party or counsel that discovers independently that another Party has produced documents or information that reasonably appear to be Privileged Material shall immediately (1) notify that Party's counsel of the apparent inadvertent disclosure, (2) cease any further review or use of the subject materials and (3) collect or retrieve for possible return/destruction all copies (including any summaries) of the subject materials. Upon confirmation from the Party notified that the subject materials constitute Privileged Material, the notifying Party shall immediately return all hard copies of the subject materials to the producing Party and destroy all electronic copies or summaries of such materials and shall further direct any other person who has received such materials to do the same. Therefore, the Party who inadvertently received such Privileged Material must not use or disclose the information.

F. Any Party may dispute the status of a document as Privileged Material in the manner set forth above in sub-paragraphs III. B. and C. Disputing the privileged status of inadvertently produced documents does not alter the receiving Party's obligations to return or destroy such document under this Section VII pending resolution of the dispute.

G. If a receiving Party produces, inadvertently or otherwise, Confidential Information to a third party not authorized to receive such information under this Order, that Party shall (1) advise the designating Party of the disclosure and the identity of the third party who was given the Confidential Information and (2) take prompt remedial action to withdraw the disclosure and retrieve all copies. The Parties retain all rights to pursue any available remedy for violation of the terms of this Order. Such inadvertent production does not destroy the overall confidential nature of the information.

**VIII. Return or Destruction of Confidential Material**

A. When this Litigation concludes by settlement or final resolution, each Party or other person subject to the terms of this Order shall, assemble and destroy in a secure manner, or, if requested, return to the producing Party, all materials and documents designated Confidential under this Order and all copies thereof, provided, however, that principal counsel of record for each party may retain one copy of each designated document solely for reference in the event of, and only in the event of, a dispute in which the Confidential Information is directly relevant. No Confidential Information shall be used in connection with any such dispute without notice to the affected Party and providing such Party with an opportunity to object.

B. At such time as the obligation to return or destroy Confidential Information arises, any Party may demand from the other Parties a statement of compliance. In the event of such a request, the receiving Party shall provide an affidavit from the producing Party's attorney within thirty (30) days attesting that all materials designated Confidential have been returned or destroyed, consistent with the terms of this Order.

C. Unless otherwise ordered by this Court or another court or administrative body of competent jurisdiction, the terms of this order shall survive and remain in full and effect after termination of this litigation.

## IX. No Waiver

A. This Order is intended to provide a mechanism by which any of the Parties may elect to provide information regarded as confidential. Nothing herein shall be construed as requiring any of the Parties to produce information regarded as confidential that they believe, in good faith, is not otherwise discoverable and any of the Parties may elect (in lieu of or in addition to utilizing the terms of this Order) to object to the production of any Confidential Information or to exercise any other appropriate remedies with respect to a request for production of such information on the grounds that such Confidential Information otherwise is not discoverable due to reasons that are separate and independent from the information's status as Confidential Information.

B. The Parties shall not be deemed by the entry of this Order to have waived any objection to the production of any document on any grounds or to have waived any other right, defense or objection that may otherwise be interposed in this Litigation.

C. The taking of, or failure to take, any action to enforce the provisions of this Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Order.

D. Nothing in this Order, nor the production of any document in this Litigation by any Party, shall be deemed a waiver of any privilege with respect thereto in this or any other action or proceeding.

E. Notwithstanding this Order, the Parties shall have the right to apply to this Court, or to any appropriate court or administrative body, at any time for an order granting other or additional protective relief with respect to any Confidential documents or information, or any other documents or information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

F. Unless otherwise expressly clarified in this Order, the word "days" shall mean calendar days rather than business days.

## X. Amendments and Scope

A. The Parties may amend this Order by mutual agreement in a writing signed by an authorized representative or each Party and approved by the Court.

B. The terms of this Order apply only to pre-trial proceedings and nothing herein affects or restricts the use of Confidential Information at trial. The Parties acknowledge and agree that a further Order or amendment will be required to address the use of such information at trial.

C. Moreover, nothing herein restricts the ability of a Party to make reference to Confidential Information orally in proceedings in open court when counsel reasonably believes that such reference is necessary to protect the legal interests of such Party.

## XI. Penalties for Breach

The Court shall strictly enforce this Order, and any violation is punishable by the Court's contempt power, including the imposition of monetary sanctions.

## XII. Application of Order to Third Parties

In the event that a third party is served with a subpoena or other request for discovery by one or more of the Parties in this action and the third party requires that confidential treatment be

afforded to documents or information that the third party will produce in response, then the third party may avail itself of the terms and conditions of this Order. To proceed in this fashion a third party shall submit written notice to the Parties that it wishes to be bound by the terms and conditions of the Order. Thereafter, documents and information produced by the third party shall be treated by the producing third party and the Parties as produced pursuant to the terms and conditions of the Order.

The Parties consent to the form and entry of this Protective Order and agree to be bound by its terms as of the date first submitted to the Court for execution.

## XIII. ULTIMATE DISPOSITION OF PROTECTED MATERIALS

The ultimate disposition of protected materials is subject to a final order of the Court on the completion of this litigation.

Signed: July 14, 2021

David C. Keesler
United States Magistrate Judge

**AGREED AND CONSENTED TO BY**:

/s/Todd J. Combs
Todd J. Combs
Combs Law, PLLC
1965 Mecklenburg Hwy
Mooresville, NC 28115
Telephone: (704) 799-2662
Email: Todd@combslaw.org
*Attorney for Plaintiff*

/s/Elizabeth R. Gift
Elizabeth R. Gift, NC #44331
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: (704) 342-2588
Facsimile: (704) 342-4379
Email: elizabeth.gift@ogletree.com
*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-CV-661-RJC-DCK**

| | |
|---|---|
| **DENISE A. ISENHOUR,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **DECLARATION OF** |
| v. ) | **COMPLIANCE** |
| ) | **(ATTACHMENT A)** |
| **BLYTHE CONSTRUCTION, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled <u>Denise A. Isenhour v. Blythe Construction, Inc</u>. Civil Action No. 3:20-CV-661-RJC-DCK pending in the U.S. District Court for the Western District of North Carolina, have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED:_____

_____
Name – Please Print

_____
Signature